IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNDRA CORNELIOUS, #2140750, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:20-cv-621-JDK-JDL |
| | § | |
| KIRT STEIFER, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Undra Cornelious, a Texas Department of Criminal Justice prisoner proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 21, 2021, Defendant Steifer moved to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Docket No. 20. Plaintiff responded in opposition. Docket No. 22. On August 23, 2021, Judge Love issued a Report recommending that Defendant's motion be granted and this case be dismissed with prejudice for failure to state a claim for which relief can be granted. Docket No. 23. A copy of this Report was sent to Plaintiff, who has filed written objections. Docket No. 25.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.

1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D.N.Y. Sept. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

In his objections, Plaintiff merely reargues his underlying claim: Defendant Steifer allegedly failed to protect him from an inmate assault when he "was, or should have been aware of the risks associated by housing mentally ill, and violent inmates amongst general population." Docket No. 25 at 1–2. Such objection does not entitle Plaintiff to de novo review. In any event, moreover, Judge Love correctly addressed Plaintiff's claim and found that Plaintiff failed to plead or establish that Defendant Steifer had reason to know that Plaintiff would be assaulted, and that Plaintiff conflates mental illness with violence and inherent threat to safety.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a

de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is

    **ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 23) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 25) are **OVERRULED**. Further, it is

    **ORDERED** that Defendant Steifer's motion to dismiss (Docket No. 20) is **GRANTED** and Plaintiff's civil rights lawsuit is **DISMISSED** with prejudice for the failure to state a claim upon which relief may be granted. Any pending motions are **DENIED** as **MOOT**.

    So **ORDERED** and **SIGNED** this **28th** day of **September, 2021.**

_____  
JEREMY D. KERNODLE  
UNITED STATES DISTRICT JUDGE